UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| William Manyok } | | |
| } | | |
| Plaintiff, } | Cause No. 3:14-CV-12-S | |
| } | | |
| v. } | **COMPLAINT** | |
| } | | |
| Collecto, Inc. d/b/a EOS CCA } | | |
| 700 Longwater Drive } | | |
| Norwell, MA 02061 } | | |
| } | | |
| **SERVE**: } | | |
| C T CORPORATION SYSTEM } | JURY TRIAL DEMANDED | |
| 306 W. Main Street, Ste. 512 } | | |
| Frankfort, KY 40601 } | | |
| } | | |
| Defendant. } | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Comes now the Plaintiff, William Manyok (*"Plaintiff"* or *"Mr. Manyok"*), by counsel, and for his Complaint against the Defendant, Collecto, Inc. d/b/a EOS CCA (*"Defendant"* or *"EOS"*), states as follows:

## INTRODUCTION

1.     This is an action for actual and statutory damages brought by Plaintiff against the Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15

U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act," hereafter the "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith.

## PARTIES

2.  The Plaintiff, William Manyok ("***Plaintiff***" or "***Mr. Manyok***"), is an individual and a citizen of the Commonwealth of Kentucky, residing in Jefferson County. Plaintiff is a "***consumer***" as that term is defined in the FDCPA and with respect to the matters alleged herein.

3.  Defendant, Collecto, Inc. d/b/a EOS CCA ("***Defendant***" or "***Collecto***"), is a corporation organized and existing under the laws of the State of Massachusetts, having principal offices located at 700 Longwater Drive, Norwell, MA 02061. At all pertinent times herein, Defendant was engaged in the business of collecting consumer debt in the Commonwealth of Kentucky. Defendant is a "***debt collector***" as said term is defined in the FDCPA and with respect the matters alleged herein.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue in this District is proper because the Defendant transacts business in this District, Plaintiff is a resident of this District and the conduct complained of occurred here.

## FACTS

5.  On or about October 23, 2013, by sending correspondence to Plaintiff, *inter alia*, Defendant sought to collect a debt purportedly owed by Plaintiff relating to a

consumer "AT&T Mobility" account in the principal amount of $142.15, plus $29.39 as "Interest" and $25.59 as "Fees/Coll Costs" (sic)(the "*debt*").

6.  In connection with the October 23, 2013 letter, Defendant used the words "PERSONAL AND CONFIDENTIAL" on the outside of the envelope.

7.  The consumer debt Defendant sought to collect from Plaintiff was neither authorized by agreement nor permitted by law.

8.  Defendant's conduct as described herein violated Plaintiff's rights arising under the FDPCA and caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, turmoil, worry, disgrace, embarrassment, anxiety, humiliation, loss of credit opportunities, invasion of privacy, and loss to credit rating, credit score, reputation, and perceived credit worthiness, entitling Plaintiff to relief therefrom.

### COUNT I – FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS

9.  Plaintiff reiterates and incorporates herein Paragraphs 1 to 8.

10. Defendant's representations to Plaintiff were materially false deceptive, and/or misleading.

11. Defendant's conduct as alleged herein constitutes violations of the FDCPA in that Defendant's conduct constituted the making of false, deceptive, or misleading representations regarding the debt, its character, amount, and legal status, and that Defendant was entitled to a charge for collection of the debt, by, *inter alia*, representing that the original debt was valid and past due, and that Plaintiff owed interest of $29.39 and a collection charge of $25.59.  15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(2)(B).

12. Defendant's unlawful actions as described above and as set forth above, caused Plaintiff to sustain actual damages, in the form of mental and emotional turmoil and distress, disgrace, embarrassment, humiliation, loss of commercial viability, loss of credit opportunities, invasion of privacy, loss to credit rating, credit score, reputation, and perceived credit worthiness, entitling Plaintiff to an award of actual and statutory damages, plus attorney's fee and costs, against the Defendant.

13. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

## COUNT II – UNFAIR PRACTICES

14. Plaintiff reiterates and incorporates herein Paragraphs 1 to 8.

15. Defendant's conduct, as alleged herein, constitutes violations of the FDCPA in that Defendant used unfair or unconscionable means to collect or attempt to collect any debt, by, *inter alia*, by seeking to collect illegal interest and an unlawful and unauthorized "collection charge."  15 U.S.C. § 1692f(1).

16. Defendant's conduct as alleged herein constitutes violations of the FDCPA in that in connection with the collection of the debt, Defendant, communicated with Plaintiff through the use of the mails, including language other than the Defendant's address on the outside of the envelope, in violation of 15 U.S.C. § 1692f(8).

17. Defendant's unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages in the form of mental and emotional turmoil

and distress, disgrace, embarrassment, humiliation, loss of commercial viability, loss of credit opportunities, invasion of privacy, loss to credit rating, credit score, reputation, and perceived credit worthiness, entitling Plaintiff to an award of actual and statutory damages, plus attorney's fee and costs, against the Defendant.

WHEREFORE, Plaintiff, William Manyok, demands relief against the Defendant, Collecto, Inc. d/b/a EOS CCA, as follows:

a.  Entry of a Judgment against Defendant to compensate Plaintiff for his actual damages sustained as set forth in above Counts.

b.  Entry of a Judgment under the about Counts for any and all maximum statutory damages provided under applicable federal or state statute.

c.  Entry of a Judgment against Defendant for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

d.  Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law.

e.  Trial by jury on all issues so triable.

f.  Entry of an order temporarily and permanently enjoining Defendant from future similar violations of the FDCPA and directing it to discharge, quit, satisfy and/or pay the Debt and cause any adverse credit information referencing the debt to be deleted and removed from any consumer report concerning Plaintiff.

g.  An award of attorneys' fees and costs herein incurred.

h.	Any and all other relief to which Plaintiff may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

/s/ Zachary L. Taylor
ZACHARY L. TAYLOR
Murphy & Powell PLC
455 S. 4th Street, Suite 1250
Louisville, Kentucky 40202
(502) 473.6464
zlt@louisvillefirm.com
*Counsel for Plaintiff*
